United States District Court
Southern District of Texas
**ENTERED**
May 12, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHAD CHANDLER, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-15-3314 |
| § | |
| KAYDEN INDUSTRIES (USA) INC., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION DENYING MOTION TO DISMISS FOR
INSUFFICIENT PROCESS AND SERVICE OF PROCESS**

On November 10, 2015, the plaintiff, Chad Chandler, sued Kayden Industries (USA) Inc. under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Docket Entry No. 1). On January 8, 2016, Chandler served the summons and the complaint on what he thought was Kayden's registered agent, CT Corporation System. (Docket Entry No. 6). CT Corporation signed for the summons. On March 18, 2016, however, CT Corporation wrote Chandler a letter that it had stopped serving as Kayden's registered agent and could not accept service on its behalf. (Docket Entry No. 11). By this point, the 90-day window for service of process provided in Federal Rule of Civil Procedure 4(m) had closed. Kayden moved to dismiss for insufficient process and service of process under Rules 12(b)(4) and (b)(5).[1] (Docket Entry No. 8).

On March 25, 2016, the court held an initial conference under Rule 16. (Docket Entry No.

---

[1] "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam) (alteration omitted) (quotation marks omitted). Kayden has not distinguished its arguments under Rule 12(b)(4) from those under Rule 12(b)(5). The court treats the arguments made under both Rules as coextensive.

9). Chandler's counsel failed to appear. The court ordered counsel to show cause why the case should not be dismissed for the failure to attend the court-ordered hearing or advise in advance of an inability to do so, the failure to participate with opposing counsel in required joint pretrial preparation, and the general failure to prosecute the case. (Docket Entry No. 10).

On April 11, 2016, Chandler filed proof of service of process on Kayden's registered agent, Blumberg Excelsior Corporate Services, Inc. (Docket Entry No. 13). Chandler's counsel also filed a statement explaining his failure to appear at the initial conference. (Docket Entry No. 12).

Two days later, Chandler responded to Kayden's motion to dismiss, and Kayden has since replied. (Docket Entry Nos. 16, 19). Chandler also filed a "motion to extend time for service" seeking "not . . . additional time [for service] but an order that service has been effected and establishing an answer date." (Docket Entry No. 15).

The parties do not dispute that Chandler failed timely to serve the summons and the complaint on Kayden.[2] Nor do the parties dispute that Blumberg Excelsior is the correct registered agent and can accept service of process on Kayden's behalf. As a result, Chandler served Kayden on April 11, 2016 when he delivered a copy of the summons and the complaint to Blumberg Excelsior. FED. R. CIV. P. 4(h)(1)(B). Under Rule 4(m), the court may "extend the time for service for an appropriate period" if "the plaintiff shows good cause for the failure [to timely serve]." The only question is whether Chandler has shown good cause.

---

[2] The 2015 amendments to the Federal Rules of Civil Procedure, effective December 1, 2015, shortened the period to serve process from 120 to 90 days. FED. R. CIV. P. 4(m) advisory committee's note to 2015 amendment. The 2015 amendments "shall govern in all proceedings in civil cases [commenced after December 1, 2015] and, insofar as just and practicable, all proceedings then pending." 2015 U.S. Order 0017, *available at* http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf. The parties do not dispute that the 2015 amendments apply to this action. Under either version of Rule 4(m), Chandler failed timely to serve the summons and the complaint on Kayden.

"When service of process is challenged, the serving party bears the burden of proving good cause for failure to effect timely service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (alteration omitted) (quotation marks omitted). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quotation marks omitted). "[S]ome showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.* (quotation marks omitted). "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Id.* Dismissal under Rule 4(m) is without prejudice and is reviewed on appeal for an abuse of discretion. *Id.*

A heightened standard of review applies when the dismissal is without prejudice but has the same effect as a dismissal with prejudice because, for example, "the applicable statute of limitations probably bars further litigation." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (quotation marks omitted). The parties agree that the heightened standard does not apply to Chandler's case.

Chandler argues that CT Corporation caused the delay in service when it signed on Kayden's behalf even though it was not then Kayden's registered agent. CT Corporation did not tell Chandler that it was no longer Kayden's registered agent until March 18, 2016, approximately 70 days from when it signed, apparently accepting service. But for CT Corporation's inaccurate representation and delay, Chandler argues, he would have effected service within the time period provided by the Rules. After CT Corporation told Chandler that it could not accept service on Kayden's behalf, Chandler served Kayden's correct registered agent 24 days later.

3

The court finds that CT Corporation's third-party error is a reasonable basis for Chandler's noncompliance with Rule 4(m) and shows good cause for the delay in service. Chandler acted reasonably in assuming that he had correctly and timely served process when CT Corporation signed on Kayden's behalf, even though it should not have.

In the alternative, even if good cause has not been shown, the court exercises its discretion to extend the time for service. Kayden argues that it will suffer prejudice because the damages period under the FLSA will be longer if the complaint is not dismissed and Chandler is not forced to refile. That argument cuts both ways, however, because the shorter damages period would prejudice Chandler for an error that was, at least in part, perpetuated by a third party. Chandler has now effected service, so inefficiency concerns also weigh in favor of exercising discretion to extend the Rule 4(m) period.

Kayden argues for the first time in its reply brief that if the action is not dismissed for insufficient service, the FLSA statutory period should run from the date Chandler served Kayden—April 11, 2016—not from the date Chandler filed the complaint—November 10, 2015. (Docket Entry No. 19 at p. 10). Kayden cites no case law in support of this argument, and Chandler has not responded to it. Because the argument was not raised until the reply, it is not considered at this time. It may be reurged only if supported with legal authority and only if Chandler has adequate notice and an opportunity to respond.

In response to the court's show-cause order, Chandler's counsel explained that one of his firm's paralegals, who is no longer employed there, failed accurately to calendar the initial-conference date. Chandler's counsel has represented that he and his firm have taken steps to ensure proper scheduling and prompt attendance at court-ordered hearings in the future. That shows

excusable neglect and is not a basis to deny Chandler an extension.

Kayden's motion to dismiss is denied. (Docket Entry No. 8). Chandler's motion for extension of time is dismissed as moot. (Docket Entry No. 15). The initial conference is reset for **May 26, 2016 at 1:00 p.m.** in Courtroom 11-B.

SIGNED on May 12, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge