IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHAD CHANDLER,<br><br>          Plaintiff,<br><br>v.<br><br>KAYDEN INDUSTRIES (USA), INC.,<br><br>          Defendants. | Civil Action No.:<br>4:15-cv-3314 |

## **KAYDEN INDUSTRIES (USA), INC.'S ANSWER**
## **TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant Kayden Industries (USA), Inc. ("Defendant"), herein, and in response to Plaintiff's First Amended Complaint, would answer as follows:

### I.    NATURE OF SUIT

1. In response to Paragraph 1 of Plaintiff's First Amended Complaint, Defendant admits that FLSA establishes standards of minimum wages and further regulates employment.

2. Defendant denies the allegations in Paragraph 2 of Plaintiff's First Amended Complaint.

### II.    PARTIES

3. Defendant Kayden Industries (USA), Inc. admits that Chandler worked for Defendant but denies the remaining allegations in Paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendant Kayden Industries (USA), Inc. admits it is a corporation authorized to do business in the State of Texas. Defendant denies the remaining allegations in Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendant admits that Kayden Industries Inc. is a foreign corporation but denies the remaining allegations in Paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendant admits that Kayden Industries Inc. is a foreign corporation but denies the remaining allegations in Paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendant admits that Kayden Industries Inc. is a foreign corporation but denies the remaining allegations in Paragraph 7 of Plaintiff's First Amended Complaint.

### III. JURISDICTION AND VENUE

8. Defendant admits this Court has jurisdiction over this case inasmuch as Plaintiff has asserted a cause of action over which this Court has jurisdiction.

9. Defendant does not have sufficient information to admit or deny and, thus, Defendant denies the allegations in Paragraph 9 of Plaintiff's First Amended Complaint. Defendant denies the existence of any events or omissions that give rise to Plaintiff's claims and denies the remaining allegations in Paragraph 9 of Plaintiff's First Amended Complaint.

### IV. COVERAGE

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's First Amended Complaint.

11. In response to Paragraph 11 of Plaintiff's First Amended Complaint, Defendant Kayden Industries (USA), Inc. admits that it is an employer within the meaning of the FLSA.

12. In response to Paragraph 12 of Plaintiff's First Amended Complaint, Defendant denies that it is an enterprise within the meaning of the FLSA.

13. In response to Paragraph 13 of Plaintiff's First Amended Complaint, Defendant denies that it is an enterprise engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendant does not have sufficient information to admit or deny and, thus, Defendant denies the allegations in Paragraph 15 of Plaintiff's First Amended Complaint

## V.   FACTUAL ALLEGATIONS

16. Defendant admits that it provides services to the liquid-solid separation industry, but Defendant denies the remaining allegations in Paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's First Amended Complaint.

Paragraphs one (1) through twenty-seven (27) of this Answer are incorporated by reference and made part of Defendant's Answer to the Causes of Action below.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's First Amended Complaint.

## VII. CAUSE OF ACTION: BREACH OF CONTRACT CLAIMS

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's First Amended Complaint.

## VIII. RELIEF SOUGHT

Defendant denies that Plaintiff is entitled to any part of the relief in Plaintiff's First Amended Complaint.

## IX. AFFIRMATIVE DEFENSES

32. Plaintiff's Original Complaint fails, in whole or in part, to state a cause of action against Defendant upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

33. Subject to further discovery, Defendant asserts that Plaintiff has not fulfilled all conditions precedent to the institution of this lawsuit, administrative prerequisites, and applicable statutes of limitation. Plaintiff's claims are thus barred, either in whole or in part, and should be dismissed.

34. At all times, Defendant acted in good faith at all relevant times and had reasonable grounds to believe its actions did not violate any statutory provisions, including the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

35. Defendant asserts the defense of bona fide exemption under 29 U.S.C. § 213(a).

36. Without assuming liability (which Defendant expressly denies), Defendant is entitled to an offset against any amounts due. The offset should be equal to the amount Defendant paid, or overpaid, Plaintiff.

37. Subject to further discovery, Defendant asserts that Plaintiff has failed to mitigate his damages, if any.

38. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, ratification, estoppel, or laches.

39. Plaintiff did not have a valid, enforceable contract.

40. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's repudiation and/or material breach.

41. Defendant denies the allegations contained in Plaintiff's Original Complaint and denies that it engaged in any unlawful conduct. However, Defendant affirmatively pleads that to

the extent Plaintiff has alleged any unlawful conduct by Defendant, Defendant exercised reasonable care to prevent and properly correct such alleged behavior or conduct.

43. Plaintiff's claims are barred, in whole or in part, because any action Defendant took regarding Plaintiff was based on reasonable factors, made in good faith and for good cause, were essential and necessary to the operation of Defendant's business, and were at all times motivated and required by legitimate, non-discriminatory and non-retaliatory business considerations.

43. All actions taken by Defendant with respect to Plaintiff were justified, in good faith, and without malice.

44. Plaintiff's alleged losses and damages, if any, are the result of, and directly related to, Plaintiff's own conduct, actions, and/or failure to act, and not of Defendant's conduct, actions, or failure to act.

45. Plaintiff's own acts or omissions were the sole proximate cause or a proximate cause of his damages, if any.

46. Plaintiff's claims for damages are capped or limited in accordance with applicable law.

47. Subject to further discovery, Defendant asserts that Plaintiff's damages are limited by the doctrine of after-acquired evidence.

WHEREFORE, Defendant Kayden Industries (USA), Inc. respectfully requests that this Court:

(i) Enter judgment dismissing Plaintiff's Complaint with prejudice;

(ii) Award Defendant its attorneys' fees, costs and disbursements incurred; and

(iii) Award Defendant any and all other relief that the Court deems just and equitable.

DATED:  September 21, 2016                By:

  /s/ *Meredith M. Mills*
Shafeeqa W. Giarratani
shafeeqa.giarratani@nortonrosefulbright.com
  Texas Bar No. 24051493
Meredith Mills
meredith.mills@nortonrosefulbright.com
  Texas Bar No. 24073667
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto, Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
Facsimile: (512) 536-4598


Attorneys for Defendant
KAYDEN INDUSTRIES (USA), INC.

## **CERTIFICATE OF SERVICE**

On September 21, 2016, I electronically submitted the foregoing Kayden Industries (USA), Inc.'s Answer to Plaintiff's First Amended Complaint with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

I hereby certify that all counsel of record have been served electronically and/or by other manner as authorized by Federal Rule of Civil Procedure 5 (b)(2).

| | |
|---|---|
| J. Derek Braziel | Email: jdbraziel@l-b-law.com |
| Jay Forester | Email: forester@l-b-law.com |

**Lee & Braziel, L.L.P.**
1801 N. Lamar St., Suite 325
Dallas, Texas 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010

*Attorneys for Plaintiff*

                /s/ *Meredith M. Mills*
                Meredith M. Mills